**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STACY MURRAY, | : |
| Plaintiff, | : CIVIL ACTION NO. 08-155 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| RE/MAX FIRST REALTY, et al., | : |
| Defendants. | : |

    **PLAINTIFF**, Stacy Murray, having commenced this action against defendants, RE/MAX First Realty ("RE/MAX"), GSJQM Ryan Properties, Inc. ("GSJQM"), and Gene Ryan ("Ryan"), alleging employment discrimination on the basis of her gender and pregnancy in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq., as well as additional state law claims of detrimental reliance and intentional infliction of emotional distress (dkt. entry no. 1, Compl.); and GSJQM and Ryan now moving for summary judgment in their favor pursuant to Federal Rule of Civil Procedure ("Rule") 56 (dkt. entry no. 26); and plaintiff opposing the motion (dkt. entry no. 28); and

    **IT APPEARING** that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law," Fed.R.Civ.P. 56(c); and it appearing that once the movant meets the initial burden of showing that there is no genuine issue of material fact, the non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations, Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986); and it further appearing that the Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); and

**THE COURT NOTING** that Title VII prohibits an employer from discriminating on the basis of race, color, religion, gender, or national origin, 42 U.S.C. § 2000e-2(a)(1); and the Court noting that "employer" under Title VII is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees," id. § 2000e(b); and it appearing that Title VII does not permit the imposition of liability upon individuals unless they meet the definition of "employer," Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996); Sofia v. McWilliams, No. 01-5394, 2003 U.S. Dist. LEXIS 5622, at *21-*22 (E.D. Pa. Mar. 31, 2003); Manns v. Leather Shop, 960 F.Supp. 925, 928 (D.V.I. 1997) (noting that, without 15 or more employees, individual liability may not be imposed on employers "even if they are the sole owners of the business"); and

**PLAINTIFF** stating that she "admits and therefore does not defend or respond . . . to Defendants' claims that Count I and II [against GSJQM] should be dismissed because [GSJQM] is not considered an employer [under Title VII] because [GSJQM] lacks the requisite fifteen (15) or more employees" (Dkt. entry no. 28, Pl. Br. at 8); and the Court thus intending to grant the motion to the extent that it seeks summary judgment in favor of GSJQM as to Count I and Count II of the Complaint; and

**THE COURT FINDING** that Ryan, owner of GSJQM, also does not meet the definition of "employer" under Title VII because (1) GSJQM does not have the requisite 15 or more employees, and (2) it has not been alleged that he is an employer with respect to RE/MAX; and the Court thus intending to grant the motion to the extent that it seeks summary judgment in favor of Ryan as to Count I and Count II of the Complaint;[1] and

**PLAINTIFF** asserting, <u>inter alia</u>, that she was terminated from one position, and not hired for another position, as a result of discrimination on the basis of her gender and pregnancy in violation of the NJLAD (Compl. at 8-9); <u>see</u> N.J.S.A. § 10:5-4 (establishing an employee's right to protection from discrimination in the workplace if the employee possesses any of

---

[1] GSJQM and Ryan further argue that RE/MAX is not an "employer" under Title VII because plaintiff, if found to have been an employee of RE/MAX, would have been "the first and subsequent only employee" of RE/MAX. (Def. Br. at 12.) RE/MAX, however, must make a motion for the Court to grant it any relief.

the enumerated characteristics); see also Gerety v. Atl. City Hilton Casino Resort, 877 A.2d 1233, 1237 (N.J. 2005) ("In determining whether members of the classes protected by the [NJLAD] have been subjected to unlawful discrimination in an employment setting, [the New Jersey courts look] to the substantive and procedural standards established under federal law for general guidance") (internal quotation and citation omitted);[2] and plaintiff also asserting state law claims of detrimental reliance and intentional infliction of emotional distress (Compl. at 9-12); and

    **GSJQM AND RYAN** appearing to argue, inter alia, that plaintiff has not asserted a prima facie case of pregnancy discrimination under the NJLAD because she (1) has failed to offer evidence that she was pregnant while employed by defendants or that Ryan had knowledge of her pregnancy, (2) was not qualified, and (3) was not replaced by another individual (dkt. entry no. 26, Def. Br. at 15-18); and GSJQM and Ryan further contending that plaintiff offers no evidence, other than claiming she was pregnant, to demonstrate that she was discriminated against on the basis of her gender, and, "[g]iven recent nationally broadcast events," the Court "should not assume the only person that can become pregnant should be a female" (id. at

---

    [2] The broad provisions of the NJLAD apply to all private employers.  See N.J.S.A. § 10:5-1 et seq.; Clements v. Hous. Auth., 532 F.Supp.2d 700, 712 (D.N.J. 2007).

14-15); and the Court noting that a prima facie case of pregnancy discrimination differs from a prima facie case of gender discrimination, Doe v. C.A.R.S. Protection Plus, 527 F.3d 358, 365 (3d Cir. 2008); and

**THE COURT FINDING** that genuine issues of material fact exist as to plaintiff's NJLAD claims because, inter alia, plaintiff has (1) asserted that (a) she informed Ryan of her pregnancy "in confidence" on April 28, 2006, (b) despite having asked Ryan not to share the news of her pregnancy with others, "Ryan loudly announced to [sic] in front of several people that [plaintiff] was pregnant and that she was no longer of use to him," and (c) she could not reach Ryan over several days after informing him of her pregnancy, but, on May 3, 2006, she was called to a RE/MAX office and terminated by Ryan (Pl. Br. at 4-5), and (2) put forth evidence that (a) she was pregnant while employed by defendants (dkt. entry no. 30, Ex. F), (b) she was not given notice of poor job performance (see dkt. entry no. 30, 2-12-09 Ryan Dep. at 78; see also id. at 40-41), and (c) questions exist as to the authenticity of certain evidence presented by defendants (Pl. Br. at 7, 10-11); and the Court thus intending to deny the motion to the extent that it seeks summary judgment in favor of GSJQM and Ryan as to Count III; and

**THE COURT ALSO INTENDING** to deny the motion to the extent that it seeks judgment in favor of GSJQM and Ryan as to Count IV

5

and Count V of the Complaint because it finds that genuine issues of material fact exist as to the elements of both the detrimental reliance claim and intentional infliction of emotional distress claim;[3] and the Court deciding the motion without oral argument pursuant to Rule 78(b); and for good cause appearing, the Court will issue an appropriate Order and Judgment.

                                            s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated: July 21, 2009

---

[3] If no viable federal claims remain here, then the more appropriate forum for the plaintiff is state court. Plaintiff may withdraw the remaining claims with leave to reinstate the action in state court within 30 days.